STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2025 CA 0074
2024 CW 1311

DERRICK PIERRE

VERSUS

DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS

Judgment Rendered: **SEP 1 9 2025**

\* \* \* \* \* \* \*

On Appeal from the 19th Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Trial Court Docket No. 741,443, Sec. 22

The Honorable Beau Higginbotham, Judge Presiding

\* \* \* \* \* \* \*

Derrick Pierre
Rayburn Correctional Center
Angie, Louisiana

Plaintiff/Appellant
In Proper Person


Jonathan R. Vining
Baton Rouge, Louisiana

Attorney for Defendant/Appellee
Louisiana Department of Public
Safety and Corrections

\* \* \* \* \* \* \*

**BEFORE: THERIOT, PENZATO, AND BALFOUR, JJ.**

**PENZATO, J.**

Derrick Pierre, an inmate in the custody of the Louisiana Department of Public Safety and Corrections (DPSC), appeals a district court judgment dismissing his petition for judicial review with prejudice and at his cost. A writ seeking the same relief was referred to the appeal panel. We affirm the district court judgment and deny the writ.

## FACTS AND PROCEDURAL HISTORY

In August of 2023, Mr. Pierre filed a grievance, Administrative Remedy Procedure (ARP) number RCC 2023-672, asserting his incentive pay was incorrect and seeking back pay. He also alleged that from November 13, 2022 through July 23, 2023, he received $177.80 in incentive pay compensation, and Inmate Banking arbitrarily seized $165.80 from that amount to satisfy an outstanding debt for court costs and Indigent Services and Supplies. He requested that 50% of the total amount of incentive pay compensation seized be posted to his drawing or reserve account.

A First Step Response Form dated September 29, 2023 provided as follows:

Your complaint has been reviewed and investigated.

Upon investigation it was determined that your incentive pay was incorrect. You should be receiving 25 cents per hour. You will receive back [pay] for 12 weeks. This was calculated at 40 hours per week times 10 cents per hour for a total of $48.00. These funds will be split between your savings and drawing accounts in accordance with Department Regulation #AM-C-7, Section 6.A.(2), incentive pay to offenders … shall be distributed on the basis of 50% to the offender's drawing account and 50% to the offender's savings account.

Your request for remedy is granted.

Mr. Pierre indicated he was not satisfied with the response and wished to proceed to Step Two. According to Mr. Pierre, the First Step Response failed to address his contention that his incentive pay was being seized to satisfy an outstanding debt for court costs and Indigent Services and Supplies. He requested that 50% of the total amount seized be returned and, along with 50% of all future amounts, be posted to his drawing or reserve account.

2

A Second Step Response Form dated October 17, 2023 denied Mr. Pierre's relief with the following explanation:

> Your allegations have been considered. You are correct that Department Regulation No. AM-C-2 does state in part, "All permissible sources of funds (as described in Section 6.A.7) shall be credited to the inmate's drawing account in the Inmate Banking System. When the inmate has an outstanding debt balance, and is currently in an indigent status, 50% of the deposit received shall be posted to the inmate's drawing account and 50% shall be posted to the inmate's reserve account, up to a $250.00 maximum limit." HOWEVER, it also states in part, "incentive pay to inmates ... shall be distributed on the basis of 50% to the inmate's drawing account and 50% to the inmate's savings account ... Proceeds from incentive pay shall not be posted to the inmate's reserve account." There is nothing else that can be added to make this issue any clearer. No further investigation is warranted.
>
> Your request for relief is denied with explanation.

On December 6, 2023, Mr. Pierre filed a petition seeking judicial review of ARP number RCC 2023-672 in accordance with La. R.S. 15:1171, *et seq.*, and it was assigned to a commissioner for evaluation.[1] In his petition, Mr. Pierre argued DPSC seized 100% of his incentive pay for an outstanding debt for legal costs and Indigent Services and Supplies when it is only allowed to seize 50% of his incentive pay and must post the remaining 50% to his drawing or savings account. As relief, Mr. Pierre requested an order that DPSC only seize 50% of his incentive pay and post the remaining 50% to his drawing or savings account. He also requested reimbursement for the amounts he contended were erroneously seized. DPSC answered the petition, denying Mr. Pierre's claims and specifically noting that he provided no legal support that would allow him to avoid withholdings from back wages to satisfy outstanding debt holds on his prisoner banking account.

---

[1] The offices of commissioner of the Nineteenth Judicial District Court were created by La. R.S. 13:711 to hear and recommend disposition of criminal and civil proceedings arising out of the incarceration of state prisoners. La. R.S. 13:713(A). The commissioner's written findings and recommendations are submitted to a district court judge, who may accept, reject, or modify them in whole or in part. La. R.S. 13:713(C)(5); *Taylor v. Louisiana Department of Public Safety and Corrections*, 2022-1129 (La. App. 1 Cir. 6/2/23), 369 So. 3d 876, 878 n.2.

3

The commissioner reviewed the petition and the administrative record and issued a report and recommendation. The commissioner noted that Mr. Pierre's initial grievance contained many attachments, which were included in the administrative record. One of the attachments was a ledger showing Mr. Pierre's deposits and the accounts to which those deposits were distributed. The ledger reflected that on September 7, 2023, $48.00 in back pay was deposited to Mr. Pierre's savings account.[2] The ledger further showed that on that same day, $24.00 was withdrawn from his savings account and deposited to his drawing account. The commissioner noted that despite Mr. Pierre's allegations that 100% of his incentive wages were withheld from him, "the record [was] clear that 100% of his $48.00 incentive back pay was deposited into his savings account and 50% was withdrawn and deposited into his drawing account." The commissioner found that Mr. Pierre failed to provide any evidence that DPSC's decision in ARP number RCC 2023-672 was arbitrary, capricious, manifestly erroneous, or in violation of his statutory or constitutional rights, and the administrative record showed 50% of his incentive back pay remained in his savings account and 50% was transferred to his drawing account in accordance with DPSC policies and procedures. Accordingly, the commissioner recommended that DPSC's decision be affirmed and Mr. Pierre's petition for judicial review be dismissed with prejudice at his cost.

Mr. Pierre filed a traversal of the commissioner's report and recommendation. On October 1, 2024, after a *de novo* review of the record and Mr. Pierre's traversal, the district court signed a judgment affirming DPSC's decision in ARP number RCC 2023-672 and dismissing Mr. Pierre's petition for judicial review with prejudice, at his cost. From this judgment, Mr. Pierre appeals.[3]

---

[2] The commissioner's report incorrectly states that this deposit was received on July 7, 2023.

[3] On October 22, 2024, Mr. Pierre filed a request for a devolutive appeal of the October 1, 2024 judgment in the district court. An order of appeal was signed by the district court on November 20, 2024. The record was lodged with this Court on January 17, 2025. In addition, on December

4

## STANDARD OF REVIEW

Louisiana Revised Statutes 15:1177 sets forth the appropriate standard of review of a DPSC decision by the district court, which functions as an appellate court when reviewing DPSC's administrative decisions. The district court may reverse or modify the administrative decision only if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are: (1) in violation of constitutional or statutory provisions; (2) in excess of the statutory authority of the agency; (3) made upon unlawful procedure; (4) affected by other error of law; (5) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or (6) manifestly erroneous in view of the reliable, probative and substantial evidence on the whole record. La. R.S. 15:1177A(9).

On review of the district court's judgment, this Court reviews the administrative record *de novo*, owing no deference to the factual findings or legal conclusions of the district court, just as no deference is owed by the Louisiana Supreme Court to factual findings or legal conclusions of the court of appeal. *Marchand v. Louisiana Department of Public Safety & Corrections*, 2020-0747 (La. App. 1 Cir. 2/24/21), 322 So. 3d 269, 273, writ denied, 2021-00457 (La. 9/27/21), 324 So. 3d 104.

## DISCUSSION

On appeal, Mr. Pierre's sole assignment of error is that DPSC arbitrarily seized 96.38% of his incentive pay wages beginning November 13, 2022 through October 29, 2023. He contends the commissioner failed to thoroughly review the statements for his savings, drawings, and reserve accounts for the periods beginning

---

20, 2024, Mr. Pierre filed an "Application for Devolutive Appeal" in this Court, seeking the same relief requested in this appeal. The "Application for Devolutive Appeal" was treated as an application for a supervisory writ, and by order dated May 9, 2025, the writ was referred to this panel as the panel to which the appeal was assigned.

October 30, 2022 through November 29, 2023, which were attached to his initial grievance. Mr. Pierre implies that because the ending balances in his savings and drawing accounts were $0.00 for some of the months he earned incentive pay, DPSC seized his earnings.

We have reviewed the statements contained in the administrative record. The statement dated December 16, 2022 covers the period from October 30, 2022 through November 26, 2022, and shows that on November 13, 2022, $1.60 in incentive pay was deposited into both his savings and drawings accounts. The total funds deposited into the accounts were withdrawn from the accounts for stamps and legal supplies, resulting in a $0.00 balance on November 26, 2022. The statement dated December 27, 2022 covers the period from November 27, 2022 through December 24, 2022, and shows that on November 27, 2022 and December 11, 2022, $1.60 in incentive pay was deposited into both his savings and drawings accounts. The total funds deposited into the accounts were withdrawn from the accounts for stamps, legal supplies, legal postage, and copies, resulting in a $0.00 balance on December 24, 2022. The statement dated February 15, 2023 covers the period from December 25, 2022 through January 28, 2023, and shows that on December 25, 2022, $1.60 in incentive pay was deposited into both his savings and drawings accounts. The total funds deposited into the accounts were withdrawn from the accounts for stamps and legal supplies, resulting in a $0.00 balance on January 28, 2023. The statement dated March 24, 2023 covers the period from January 29, 2023 through February 25, 2023, and shows that on February 19, 2023, $6.00 in incentive pay was deposited into both his savings and drawings accounts. No withdrawals were made, resulting in a $6.00 balance in each account on February 25, 2023. The statement dated April 5, 2023 covers the period from February 26, 2023 through March 25, 2023, and shows that on March 5 and 19, 2023, $6.00 in incentive pay was deposited into both his savings and drawings accounts. Withdrawals totaling

6

$12.00 were made from each account for stamps, legal supplies, legal postage, copies, and medical co-pay, resulting in a $6.00 balance in each account on March 25, 2023.[4] The statement dated June 12, 2023 covers the period from April 30, 2023 through May 27, 2023, and shows a beginning balance of $0.00 for each of his savings and drawings accounts. On April 30 and May 14, 2023, $6.00 in incentive pay was deposited into both his savings and drawings accounts. A total of $12.00 was withdrawn from each account for stamps, legal supplies, legal postage, copies, and medical co-pay, resulting in a $0.00 balance in each account on May 27, 2023. The statement dated July 12, 2023 covers the period from May 28, 2023 through June 24, 2023, and shows that on May 28, 2023 and June 11, 2023, $6.00 in incentive pay was deposited into both his savings and drawings accounts. Withdrawals totaling $12.00 were made from each account for stamps, legal supplies, legal postage, ID duplicate, and medication, resulting in a $0.00 balance in each account on June 24, 2023. The statement dated August 17, 2023 covers the period from June 25, 2023 through July 29, 2023, and shows that on June 25, July 9, and July 23, 2023, $6.00 in incentive pay was deposited into both his savings and drawings accounts. In addition, on July 11, 2023, a deposit of $18.00 was made into his savings account and two deposits of $9.00 each were made into his drawings account for backpay. During this period, withdrawals for stamps, legal supplies, legal postage, copies, and medication were made from each account, as well as a $9.00 withdrawal from his savings account for "court order," totaling $30.00, resulting in a $6.00 balance in each account on July 29, 2023. The statement dated September 13, 2023 covers the period from July 30, 2023 through August 26, 2023, and shows that on August 6 and 20, 2023, $6.00 in incentive pay was deposited into both his savings and drawings accounts. During this period, withdrawals totaling $12.00

---

[4] The administrative record did not contain a statement covering the period from late March through April 2023.

7

were made from each account for stamps, legal supplies, legal postage, and copies, resulting in a $6.00 balance in each account on August 26, 2023. Finally, the statement dated September 29, 2023 covers the period from August 27, 2023 through September 23, 2023, and shows that on September 3, 2023, $6.00 in incentive pay was deposited into both his savings and drawings accounts, and on September 17, 2023, $10.00 in incentive pay was deposited into both his savings and drawings accounts. In addition, as noted by the commissioner, on September 7, 2023, $48.00 in back pay was deposited into his savings account, and $24.00 of that amount was withdrawn from his savings and deposited into his drawing account. During this period, withdrawals for stamps, legal supplies, legal postage, medical co-pay, and general supplies were made from each account, as well as a $14.40 withdrawal from his savings account for "court order," totaling $36.00, resulting in a $10.00 balance in each account on September 23, 2023.

This Court's review is limited to the administrative record and the petition for judicial review. The burden of proof in any civil administrative appeal is with the petitioner. *Barnes v. Louisiana Department of Public Safety and Corrections*, 2024-0042 (La. App. 1 Cir. 9/20/24), 405 So. 3d 628, 631, writ denied, 2024-01339 (La. 1/28/25), 399 So. 3d 415.

Following our *de novo* review of the record, we conclude the documentary evidence does not support Mr. Pierre's claim that DPCS seized his incentive pay earnings. The statements contained in the record show withdrawals from his account for various items such as stamps, copies, and medication, as well as two withdrawals for "court order," and there is no evidence that these withdrawals were unlawfully made by DPSC. Accordingly, we find no error in the district court's judgment affirming DPSC's decision denying Mr. Pierre's claim and dismissing his petition for judicial review with prejudice.

8

## CONCLUSION

For the foregoing reasons, the district court's October 1, 2024 judgment is affirmed, and the writ filed on December 20, 2024 is denied. Costs are assessed to Derrick Pierre.

**JUDGMENT AFFIRMED; WRIT DENIED.**